The GENESEE BREWING COMPANY, INC., Plaintiff-Appellant,

v.

VILLAGE OF SODUS POINT, NEW YORK, Defendant-Appellee.

No. 747, Docket 83–7764.

United States Court of Appeals, Second Circuit.

Argued March 9, 1984.

Decided May 1, 1984.

Ragna Henrichs, Rochester, N.Y. (Laurie Paravati Phillips, Domenick L. Gabrielli, Nixon, Hargrave, Devans & Doyle, Rochester, N.Y., of counsel), for plaintiff-appellant.

John B. Nesbitt, Palmyra, N.Y. (Nesbitt & Nesbitt, Palmyra, N.Y., of counsel), for defendant-appellee.

Before TIMBERS and CARDAMONE, Circuit Judges, and TENNEY, District Judge.*

PER CURIAM:

In this appeal from a decision of the United States District Court for the Western District of New York, Michael A. Telesca, District Judge, The Genesee Brewing Company challenges the Village of Sodus Point's refusal to refund payments made by Genesee under a state law enacted pursuant to the now repealed "Industrial Cost Recovery" (ICR) provisions of the Federal Water Pollution Control Act, 33 U.S.C. § 1251 *et seq.* (1982). We affirm.

The district court rejected Genesee's argument that the repeal of 33 U.S.C. § 1284 created a federal right in Genesee to the refund of amounts it paid during the congressionally mandated moratorium on collection of those payments. It reasoned that because the Village enacted a local sewer rent law adopting the required ICR formula, a law which remained on the books after repeal of the federal legislation, Genesee's rights, if any, to the fund of approximately $56,120 depended on state law. Since the federal repeal provision did not provide for the disposition of ICR payments collected during the moratorium and since state law continued to provide for collection of those payments, the district court concluded that plaintiff had stated neither a claim under the federal statute, nor a § 1983 claim under the doctrine of *Maine v. Thiboutot*, 448 U.S. 1, 100 S.Ct. 2502, 65 L.Ed.2d 555 (1980).

On appeal, Genesee renews the argument it made below that Congress indicated its intent that refunds be made. Inasmuch as Judge Telesca correctly analyzed the statute and its legislative history, finding no congressional intent to require, as opposed to permitting, such refunds, we affirm substantially for the reasons set forth by the district court judge.

We add, however, that the dismissal below appears grounded in Fed.R.Civ.P. 12(b)(6). While Rule 12(b)(6) would be a secondary reason to dismiss the complaint, the district court's finding that no federal right was implicated rendered the dismissal more appropriate under Rule 12(b)(1). Since Genesee failed to show a basis for subject matter jurisdiction under either 28 U.S.C. § 1331 or under 28 U.S.C. § 1343, the defendant's contention that no federal jurisdiction existed was correct. *See City of Kenosha v. Bruno*, 412 U.S. 507, 513, 93 S.Ct. 2222, 2226, 37 L.Ed.2d 109 (1973).

The order dismissing Genesee's complaint is affirmed.

---

* Honorable Charles H. Tenney, District Court Judge for the Southern District of New York, sitting by designation.